**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TRENTON BOLDEN,          )
          )
   Appellant-Defendant,     )
          )
       vs.        )    No. 15A01-1310-CR-469
          )
STATE OF INDIANA,       )
          )
   Appellee-Plaintiff.      )

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No. 15D02-0910-FD-220

**March 31, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Trenton Bolden (Bolden), appeals the trial court's revocation of his probation.

We affirm.

## ISSUE

Bolden raises one issue on appeal, which we restate as: Whether the trial court abused its discretion when it revoked his probation and imposed the balance of his previously-suspended sentence.

## FACTS AND PROCEDURAL HISTORY

On October 16, 2009, the State filed an Information charging Bolden with theft, a Class D felony and unauthorized entry of a vehicle, a Class B misdemeanor. On February 25, 2010, Bolden entered into a plea agreement with the State in which he pled guilty to theft in exchange for the dismissal of the misdemeanor charge. That same day, Bolden was sentenced to 1095 days with 923 days suspended to probation.

On January 6, 2011, the State filed a notice of probation violation, alleging that Bolden violated his probation by operating a vehicle while suspended. On April 26, 2011, during a hearing, Bolden admitted the violation and the trial court revoked 180 days of his probation and placed him on in-home detention. On October 11, 2011, the State filed a second notice of probation violation, asserting that Bolden had violated the terms of his probation by failing to attend two scheduled probation appointments. On

April 23, 2013, Bolden admitted to the violation and the trial court revoked 365 days of Bolden's probation and placed him on in-home detention.

On July 2, 2013, the State filed a motion to convert Bolden's sentence from serving his sentence on in-home detention to serving the sentence in jail with no community corrections privileges. On July 5, 2013, the State filed a third notice of probation violation because Bolden had submitted a urine sample that tested positive for oxycodone without presenting a valid prescription for the drug and because Bolden had been convicted of two other felonies. On July 9, 2013, the trial court granted the State's motion to convert Bolden's sentence to a term of incarceration. On July 16, 2013, Bolden admitted to the third probation violation, and on July 30, 2013, the trial court revoked the remaining 378 days of Bolden's probation.

Bolden now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Bolden contends that the trial court abused its discretion by revoking his probation and imposing an executed sentence of 378 days. The decision to revoke probation is within the sole discretion of the trial court. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). The trial court's decision is reviewed on appeal for an abuse of that discretion. *Id*. On review, we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Id*. If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation. *Id*.

3

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. *Id*. If a violation is established, then the trial court must determine if the violation warrants revocation of the probation. *Id*. When a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id*. At this step, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *Id*.

Bolden admitted to violating his probation and merely disputes the length and placement of the sentence imposed by the trial court. Specifically, Bolden maintains that because he is "a man in need of drug and alcohol treatment," a six-month prison sentence would "give him enough prison time to stress upon [him] the seriousness of his actions while allowing him time to get back into society and find a treatment program which can help him combat his problems." (Appellant's Br. pp. 7, 8).

During the probation revocation hearing, the trial court considered Bolden's substance abuse history and his request to receive help. In fact, the trial court recommended Bolden to the Purposeful Incarceration program at the Department of Correction. At the same time, the trial court also noted Bolden's recent spate of felony cases, that he was unsuccessful on in-home probation on two prior instances, and that he tested positive for ingesting oxycodone without a prescription. We cannot say that the trial court abused its discretion by imposing the balance of Bolden's previously-suspended sentence.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by revoking Bolden's probation and imposing the previously-suspended sentence.

Affirmed.

VAIDIK, C. J. and MAY, J. concur